**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CITRIX SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. _____ |
| v. ) | |
| ) | |
| AVI NETWORKS, INC., ) | |
| ) | |
| Defendant ) | |
| ) | |

**OPENING BRIEF IN SUPPORT OF MOTION TO QUASH
AND FOR A PROTECTIVE ORDER REGARDING CITRIX'S
<u>SUBPOENAS SERVED ON NON-PARTY CISCO SYSTEMS, INC.</u>**

Pursuant to Fed. R. Civ. P. 26 and 45, non-party Cisco Systems, Inc. ("Cisco") respectfully moves to quash the two subpoenas served by Plaintiff Citrix Systems ("Citrix") on May 29, 2019 in the underlying litigation (C.A. No. 17-1843) requesting certain documents and testimony purportedly related to its patent infringement and false advertising dispute with Defendant Avi Networks, Inc. ("Avi").[1]

As explained below, the subpoenas request documents and testimony that are not relevant to any issues in the underlying litigation and are beyond the scope of relevant discovery. The few requests and topics that bear even the slightest relevance to the underlying action are directed to documents and information that are within Avi's—a party to the underlying litigation—possession, custody, and control. There is no doubt that this discovery may be more conveniently obtained from Avi, without the need to burden Cisco, which is not a party in the underlying litigation. Accordingly, Cisco also requests that the Court enter a protective order prohibiting Citrix from seeking further discovery from Cisco.

---

[1]     Copies of the subpoenas are attached as Exhibits A and B, respectively.

## BACKGROUND

Citrix and Avi are competitors in the marketplace for cloud technology.  *See* C.A. No. 17-1843, D.I. 21 (Amended Complaint) at ¶ 10.  In December 2017, Citrix filed a complaint alleging that its competitor Avi infringed a number of its patents and engaged in false advertising in violation of the Lanham Act, and on June 20, 2018, Citrix filed an amended complaint pursuing the same claims.  Specifically, Citrix alleges that "Avi Networks takes steps to actively induce infringement" of its software patents by "encouraging, advertising (including by websites such as https://avinenetworks.com), promoting, and instructing others to use and/or how to use" its intellectual property.  *Id*. at ¶ 68.  In particular, Citrix alleges that Avi induces infringement among "its customers, distributors, and/or authorized resellers" through Avi's promotion of its "Avi Vantage Platform software," which Citrix alleges "cannot be used but to infringe" its patents.  *Id*. at ¶¶ 70, 84, 99, and 114.  Citrix further alleges that Avi violates the federal Lanham Act and the Delaware Deceptive Trade Practices Act, and engages in unfair competition at common law by claiming that its Vantage Platform is superior to Citrix's competing offering.  *Id*. at ¶¶ 120-159.

None of the allegations in the Amended Complaint mention Cisco; nor are they directed at any specific conduct by Cisco.  Cisco does not make or manufacture the accused Vantage Platform developed by defendant Avi.  Indeed, as a non-party, Cisco's only relationship to the underlying litigation is as one of Avi's many customers and a reseller of Avi's Vantage Platform.

On May 29, 2019, Cisco was served subpoenas to produce documents and provide testimony at a deposition.  *See* Exhibit A (Citrix's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action); Exhibit B (Citrix's Subpoena to Testify at a Deposition in a Civil Action).  The document requests were

broadly drawn to Cisco's use of Avi's products and Cisco's sale of Avi's products to Cisco customers.  The deposition subpoena consisted of topics for testimony that mirrored Avi's subpoena for documents.

Upon receiving these subpoenas, Cisco promptly contacted counsel for Citrix to understand the basis for the subpoena and to determine why Citrix believed Cisco's documents and testimony were relevant to the underlying action between Citrix and Avi.  Counsel for Citrix could provide no such explanation.  On June 28, 2019, Cisco served written objections to Citrix's document and deposition subpoenas, on the basis that Citrix's requests and topics were unduly burdensome, seek information within the possession of a party to the action (Avi), and seek information beyond the scope of discovery in this matter.  *See* Exhibit C (June 28, 2019 J. Lin Letter to K. Reardon).  In short, the requests and topics were clearly focused on discovery that might be appropriate if Cisco had been accused of patent infringement, but have no relevance to a litigation between Citrix and Avi.  Cisco explained these issues during a telephonic meet-and-confer on July 12, 2019, and on July 17, 2019, Citrix proposed the following supposedly narrowed set of document requests:

1) Documents and communications between you and Avi related to your contracting and use of Avi's Vantage Platform.

2) Documents *concerning Cisco's use* of the Avi's load balancing technology. [sic]

3) Documents sufficient to show *Cisco's configuration* for connection pooling in Avi's Vantage Platform.

4) Sales agreements related to *Cisco products* incorporating the Avi Vantage Platform technology.

5) Documents listing the *customers of Cisco products* incorporating the Avi Vantage Platform technology.

6) Documents sufficient to show *how Cisco's customers configure*, or are directed to configure, the Avi Vantage Platform.

7) All documents concerning this lawsuit.

8) All documents concerning the Patents-in-Suit as it relates to *Cisco's use* of the Avi Vantage Platform.

Exhibit D (Jul. 17, 2019, 18:24 EST, K. Reardon E-mail to J. Lin) (emphasis added).

But, as these supposedly narrowed requests make clear, despite Cisco's willingness to work with Citrix to arrive at requests of a reasonable and relevant scope, Citrix was unwilling to make any such compromise. The parties met and conferred again on July 30, 2019 but failed to reconcile their positions, with Citrix insisting Cisco inform Citrix whether "Cisco intends to produce documents . . . or if Cisco intends to move for a protective order" by August 2, 2019. *See* Exhibit E (Jul. 30, 2019, 19:32 EST, K. Reardon E-mail to J. Lin). Cisco now moves to quash Citrix's subpoenas.

## LEGAL STANDARDS

A court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). "When analyzing whether a subpoena places an undue burden on a nonparty, courts consider issues such as relevance, the requesting party's need for the documents, the breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed in responding." *In re Delta*, 2018 WL 5033756 (D. Del. Oct. 17, 2018) (citing *Ebert v. C.R. Bard, Inc.*, 2014 WL 1365889 (M.D. Pa. Apr. 17, 2014)).

A protective order is not a substitute for establishing relevance or need. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318 (Fed. Cir. 1990). While parties may engage in good faith discovery of issues related to the litigation at hand, they may not use subpoenas as a "fishing expedition" to uncover other potential claims. *See EEOC v. Kronos Inc.*, 694 F.3d 351 (3rd Cir. 2012). In addition, although parties may obtain discovery regarding nonprivileged matters that are relevant to a party's claim or defense, courts have discretion to limit the scope of discovery when it is cumulative or can be obtained from other more convenient, less burdensome, or less expensive sources. FED. R. CIV. P. 26(b). In addition, under Rule 26, a court may order a protective order to "any person" who is able to establish good cause for issuance of the protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c).

## ARGUMENT

Cisco is not a party to the present litigation but is being asked to engage in burdensome discovery efforts to produce information that is either (i) not relevant to any of Citrix's claims in the underlying litigation or (ii) more conveniently obtained from Avi, the defendant in this matter.

### *The Information Citrix Seeks is Not Relevant*

Citrix's first flaw is that it requests documents that are not relevant to the claims at issue in the underlying patent litigation. Citrix's revised document requests concern, for example, a listing of "the customers of Cisco products incorporating the Avi Vantage Platform technology" (Revised Request No. 5), "how Cisco's customers configure, or are directed to configure, the Avi Vantage Platform" (Revised Request No. 6) as well as "Cisco's . . . use of Avi's Vantage Platform" (Revised Request No. 3), and "Cisco's use of the Avi's (*sic*) load balancing

technology" (Revised Request No. 2).  *See* Exhibit D.  There is one common denominator underlying all these requests; they all seek information about *Cisco's* actions.

It is undisputed that Cisco's actions are not at issue in the underlying litigation.  These documents are therefore irrelevant to Citrix's claims, *which are all directed to Avi's actions*. Citrix alleges that Avi infringes its patents and "takes steps to actively induce infringement by others" by "encouraging, advertising (including by websites such as https://avinetworks.com), promoting, and instructing others to use and/or how to use the TCP connection multiplexing and reuse capabilities of its Infringing Products."  D.I. 21 at ¶ 68.  Citrix further alleges that Avi infringes its patents by "making, using, offering to sell, selling, and/or importing into the United States unlicensed systems, products, and/or services in a manner that infringes" the asserted patents.  *Id*. at ¶¶ 65, 79, 94, and 109.  But none of Citrix's requests are directed in any way to these claims.

As part of the underlying lawsuit, Citrix alleges indirect infringement theories directed at Avi's instructions about how to use its Vantage Platform.  Specifically, Citrix alleges that Avi's Vantage Platform is "especially made for or adapted for use to infringe the '493 patent, and is not a staple article of commerce and is not suitable for substantial non-infringing use. . . . [t]he Avi Vantage Platform software cannot be used but to infringe the '493 patent."  D.I. 21 at ¶ 70.

Although a claim of indirect infringement typically requires the plaintiff to show that some direct infringement occurred, a plaintiff need only identify a specific instance of direct infringement when the allegedly infringing product also has a substantial non-infringing use.  *See Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1275-76 (Fed. Cir. 2004) ("[Plaintiff] must therefore either demonstrate that LANs compliant with the IEEE 1394 Standard necessarily infringe the '732 Patent, or point to a specific instance of direct

infringement and restrict its suit to liability stemming from that specific instance."). Discovery on the complete list of end customers through Avi's reseller is certainly unnecessary for Citrix to prove its indirect infringement claim.

In addition, Citrix's own infringement allegation makes clear that discovery from Cisco is unnecessary. Citrix has asserted that *any* use of Avi's Vantage Platform necessarily infringes and that there are *no* substantial non-infringing uses (D.I. 21 at ¶¶ 70, 84, 99, and 114), and that "customers of Avi Networks directly infringe the '493 patent by putting the Infringing Products into service by, for example, installing the Avi Vantage Platform on cloud infrastructure such as a customer's private cloud infrastructure or public cloud infrastructure." *Id*. at ¶ 65. The Amended Complaint also alleges that "Avi Networks contributes to the infringement . . . by others, including its customers, distributors, and/or authorized resellers" and that those "[a]cts by Avi Networks that contribute to the infringement of others include, but are not limited to, the sale and offer for sale by Avi Networks of the Avi Vantage Platform software." *Id*. at ¶¶ 70, 84, 99, and 114. Thus, the list of Cisco customers who purchased the Avi platform through Cisco is irrelevant, since Citrix contends that the entire category of Avi's customers and resellers are the direct infringers. *See Dynacore Holdings Corp.,* 363 F.3d at 1275 ("Plaintiffs who identify an entire category of infringers (e.g., the defendant's customers) may cast their theories of vicarious liability more broadly, and may consequently seek damages or injunctions across the entire category."). And of course, Citrix's allegation of indirect infringement is against Avi. Citrix must show that the accused inducer—as opposed to a non-party reseller— "took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016) (citation omitted).

Citrix's reformulated requests also seek "[s]ales agreements related to Cisco products incorporating the Avi Vantage Platform technology" (Revised Request No. 4), "[d]ocuments concerning Cisco's use of Avi's load balancing technology" (Revised Request No. 2), and "Cisco's configuration . . . [of the] Avi Vantage Platform" (Revised Request No. 3).  Citrix contends that "[h]ow and under what agreement(s) Cisco became a customer (since it was previously a Citrix customer) and how it configures the Avi Vantage Platform (on its own or at the direction of Avi) is relevant to Citrix's infringement claims, false advertising claims, and unfair competition claims."  *See* Exhibit F (Aug. 5, 2019, 09:51 EST, K. Reardon E-mail to J. Lin).  But Citrix alleges that there are no substantial non-infringing uses of Avi's Vantage Platform.  In other words, Citrix contends that any use of Avi's platform infringes, and Cisco's "configuration" of the product is therefore irrelevant to Citrix's claims of indirect infringement.  Unsurprisingly, during the meet and confer process, counsel for Citrix was unable to identify what aspect of Cisco's supposed configuration of the Avi platform was germane to its claims.

The only relevant question to Citrix's indirect infringement claims is whether *Avi's statements establish that Avi had an intent to induce infringement*.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) (establishing a knowledge of inducement standard for indirect infringement).  Regardless of what Citrix may contend, it is Avi's affirmative actions that are pertinent to proving inducement of infringement.  *Power Integrations, Inc.*, 843 F.3d at 1332.  Similarly, Citrix's claims that its rights under the Lanham Act were violated by Avi's allegedly false statements only bring into question Avi's statements, and not Cisco's.  And of course, Avi's statements are better obtained from Avi itself.

For at least these reasons, Citrix's subpoenas' requests are irrelevant and beyond the scope of discovery in this matter, and thus, should be quashed.

*Unduly burdensome requests – All information can be Obtained from More-Accessible and Less-Burdensome Sources*

Documents available from a party to the lawsuit or other publicly available sources can place an undue burden when demanded of non-parties. *See In re Delta*, 2018 WL 5033756, at *6 (finding an undue burden where "requests are for information that could be acquired from [a party] itself or publicly available sources" and where "a significant number of the requests target documents or communications from [a party] itself, rather than a nonparty"). To the extent that Citrix's requests can somehow be narrowed to seek relevant information—for example, how Avi directs Cisco to configure Avi's Vantage Platform and related technology, any false marketing materials Avi provided to Cisco, or Avi's agreements with Cisco—that is all information within Avi's possession, custody, and control. During the meet and confer process, Citrix was unable to confirm that it had already requested the relevant materials from Avi, or that Avi was no longer in possession of the relevant materials. In short, Citrix should first turn to Avi for documents, since Avi is already engaged in discovery as the Defendant in the underlying lawsuit, and the information can more conveniently and inexpensively be obtained from Avi. *See* Fed. R. Civ. P. 26(b). For this additional reason, Citrix's subpoenas to Cisco for documents and testimony should be quashed.

## CONCLUSION

Citrix's subpoenas appear to seek information that is, at a minimum, irrelevant, unduly burdensome, and duplicative of information already possessed by Avi, a party to the underlying lawsuit.[2] For the foregoing reasons, the Court should grant Cisco's motion to quash Citrix's

---

[2]     Indeed, the breadth and scope of these subpoenas appear more like a "fishing expedition" by a party hoping to rope in more defendants rather than targeted requests for information that cannot be obtained from any other source, as contemplated by Rule 45.

subpoenas and issue a protective order prohibiting Citrix from seeking further discovery from

Cisco.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jying@mnat.com

*Attorneys for Cisco Systems, Inc.*

OF COUNSEL:

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193
(212) 294-6700

James C. Lin
WINSTON & STRAWN LLP
275 Middlefield Road
Menlo Park, CA  94025
(650) 858-6500

August 23, 2019